IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND )<br><br>Plaintiff, )<br>v. )<br><br>PREMIER PAINTING & DECORATING, INC. )<br>a/k/a Premier Painting & Decorating )<br><br>Defendant ) | CIVIL ACTION NO. 06-067 (RBW) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUPPLEMENTAL JUDGMENT

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff") by its legal counsel, files this Memorandum in support of its Motion for Entry of Supplemental Judgment against Defendant, Premier Painting & Decorating, Inc. a/k/a Premier Painting & Decorating ("Company" or "Defendant").

On April 16, 2007, the Court entered a Consent Order and Amended Judgment ("April 16, 2007 Judgment") against Defendant in the total amount of $ 22,655.07. The April 16, 2007 Judgment granted the Pension Fund the right to an award of additional attorneys' fees and costs incurred in the collection and enforcement of the Judgment by application to the Court. Explicit in: (a) the April 16, 2007 Judgment; (b) the terms of Company's collective bargaining agreements with the International Brotherhood of Painters and Allied Trades, AFL-CIO, CLC; (c) the Agreement and Declaration of Trust ("Trust Agreement") of the Pension Fund; (d) the International Painters and Allied Trades Industry Pension Plan ("Plan"); and (e) Employee

Retirement Income Security Act of 1974 ("ERISA"), Defendant was obligated to remain current on all future contributions and remittance reports.

Defendant has accrued additional fringe benefit contribution delinquencies in the estimated amount of $23,525.24 for the period of April 2007 through July 2007.[1] See, Montemore Decl., ¶4. The Plaintiff is owed $4,705.05 in liquidated damages on the unpaid contributions. See, Montemore, ¶6. Interest owed on the additional unpaid contributions calculated from the date they were due through August 31, 2007 is $293.90 under 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 29 U.S.C. §6621. See, Montemore Decl., ¶4. Defendant owes late charges in the amount of $354.87 for payments submitted beyond the due date for the period January 2007 through March 2007. See, Montemore Decl., ¶5. Finally, Plaintiff has incurred additional attorneys' fees and costs of $3,821.45 in connection with this lawsuit from March 28, 2007 through August 31, 2007 because of Defendant's refusal to pay contributions due for the period of April 2007 through July 2007. Montemore Decl., ¶5, 9; Rosenthal Decl., ¶3; Exhibit 4. Plaintiff is entitled to reimbursement of these additional fees and costs. See, April 16, 2007 Judgment, ¶6; Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v.

---

[1] The estimate is based on the average of the last three reports submitted as follows:
    1/07    $4,672.64
    2/07    $5,770.24
    3/07    <u>$7,201.04</u>
             $17,643.92 divided by 3 = $5,881.34 x 4 (number of delinquent months) = $23,525.24

H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989).

Additionally, the Pension Fund should also be entitled to audit the payroll books and related records of Defendant. The Company is party to both a collective bargaining agreement and the Trust Agreement. The scope of authority and responsibilities under ERISA of the trustees of the Pension Fund are defined in part by the common law of trusts. Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 105 S.Ct. 2833, 2840 (1985). "Under the common law of trusts...trustees are understood to have all such powers as are necessary or appropriate for the carrying out of the purposes of the trust." Ibid.

The purpose of the Pension Fund is to provide benefits to the participants and beneficiaries. In order to effectuate this purpose, the trustee must ensure that all the contributions that are required to be made under the collective bargaining agreement and the terms of the Trust Agreement are made. The trustees must have the ability to ascertain exactly what contributions are due and owing to the Pension Fund under such documents. When an employer fails to remit the contractually-required reports, the Pension Fund's only method of determining the amount of contributions that are due and owing to the Pension Fund is an audit. It is understood that trustees have all such powers as are necessary or appropriate for the carrying out of the purposes of the trust. In the absence of contractually-required remittance reports, it is necessary and appropriate to audit the payroll records of the employer in question. Because this is necessary and

appropriate, trustees have the power to audit Company's payroll books and records.

The determination of an employee's eligibility for benefits is made based upon information contained on the remittance reports. If the remittance reports are not submitted or contain incorrect information, then a proper determination of eligibility is impossible. In such a case, the only means of obtaining the necessary information is to review the employer's payroll records.

Defendant has failed to submit remittance reports and contributions in accordance with the provisions of its collective bargaining agreement. A precise determination of the amount of the delinquency is not possible because the Pension Fund has not been permitted to review the Company's payroll books and records beyond the period ending January 2004. Accordingly, to ascertain precise amounts due the Pension Fund, this Court should order that Defendant make available its payroll books and related records for review by the Pension Fund.

Finally, the failure of Defendant to comply with its contractual and statutory obligations results in a substantial adverse impact on Plaintiff's ability to meet its legal obligations. Plaintiff is obligated by express mandates of the ERISA and by the documents and instruments by which it is administered to provide benefits to Defendant's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b-2(a)(1) and (2); <u>Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.</u>, 511 F.Supp. 38 (D.Minn. 1980), aff'd sub nom, <u>Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Company, Inc.</u>, 642 F.2d 1122 (8th Cir. 1981). Plaintiff is required to provide these benefits regardless of whether Defendant makes the contributions. The result is a significant drain on the resources of

187450-1                                3

Plaintiff.

Additionally, when employers fail to remit contributions, benefit funds such as Plaintiff lose income that could have been earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the actuarial soundness of the Pension Fund as well as deplete resources available to pay benefits. Furthermore, the Pension Fund incurs additional administrative expenses as a result of an employer's failure to pay its contributions. These losses and added expenses significantly impair the ability to continue to provide benefits to not only Defendant's employees, but to employees of companies that have complied with their contractual obligations. These losses coupled with the continuing benefit obligations has led courts to enjoin employers from continued violations of their contribution and reporting obligations. Laborers' Fringe Benefit Funds v. Northwest Concrete, 640 F.2d 1350, 1352 (6th Cir. 1981); Huge v. Long's Hauling Co., Inc., 590 F.2d 457 (3d Cir. 1978); Teamsters Local 369 – Employers Trust v. Jones & Artis Construction Co., 640 F. Supp. 223 (D.D.C. 1986); IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc., 4 EBC 1199, 1200 (D.D.C. 1983).

Given the clear language of the contract and obligations mandated by ERISA, this Court should not only enter judgment in Plaintiff's favor but also order Defendant to pay the contributions, contractual liquidated damages, interest and attorneys' fees and costs which it already owes and enjoin Defendant from future violation of its reporting and payment obligations.

## CONCLUSION

Judgment should be entered as requested.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: s/ Sanford G. Rosenthal
SANFORD G. ROSENTHAL, ESQUIRE
(I.D. NO. 478737)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0611/0660
Attorneys for Plaintiff

Date: September 17, 2007